

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
12/18/2015

| | |
|---|---|
| IN RE | ) |
| | ) |
| WILLIAM G. WIMMER | ) CASE NO. 15-36293-H3-13 |
| SHARON J. WIMMER, | ) |
| | ) |
| Debtors, | ) |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Debtors' Motion to Extend Automatic Stay" (Docket No. 4). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

William G. Wimmer and Sharon J. Wimmer ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the instant case on November 30, 2015. William E. Heitkamp ("Trustee") is the Chapter 13 trustee.

Debtors were previously the debtors in Case No. 15-80323-G3-13 (the "Previous Case").

Sharon Wimmer testified that, prior to the filing of the petition in the Previous Case, Van Burns gave notice of

foreclosure of Debtors' interest in their principal residence. Burns has asserted that he is 86 years old, that he has paid for insurance and paid taxes secured by the property, and that he has suffered as a result of Debtors' failure to make mortgage, tax and insurance payments. (Docket No. 21).

Debtors filed the Chapter 13 petition in the Previous Case on August 31, 2015. The Previous Case was dismissed for failure of Debtors to file a mailing matrix, by order entered on September 16, 2015. (Docket No. 17, Case No. 15-80323-G3-13).

Sharon Wimmer testified that Debtors filed the Previous Case on the advice of a non-attorney real estate entity, which she identified in her testimony as "Christian Consultants."[1] She testified that Debtors intended the Previous Case to be a temporary case, to delay the foreclosure of their residence until they could sell it to a buyer which Christian Consultants would procure. She testified that no sale of the property ever closed.

Sharon Wimmer testified that Debtors did not file schedules, a statement of financial affairs, a Chapter 13 plan, or a credit counseling certificate in the Previous Case. She testified that, since the dismissal of the Previous Case, Debtors have consulted with a bankruptcy attorney. She testified that Debtors have filed all the required documents in the instant

---

[1]She also identified the entity in her testimony as "Christian Brothers."

case.[2]

In the instant case, Debtors have filed a motion seeking variance from this court's uniform plan, in order to propose that no payments be made to Burns to cure Debtors' arrearage, during a seven-month period of time during which Debtors propose to sell the property in order to pay Burns' claim in full. (Docket No. 14).[3]

Sharon Wimmer testified that Debtors have hired a real estate broker to sell the property. She testified that the property has not yet been listed for sale. She testified that no payments have been made to Burns in approximately one year.

Debtors' schedule D indicates debts owed to Burns in the aggregate amount of $125,513. (Docket No. 1). Debtors' amended schedule F indicates unsecured debts totaling $32,231.36, including $28,741.93 owed to the Internal Revenue Service ("IRS"). (Docket No. 24). Sharon Wimmer testified that Debtors have been making payments monthly to IRS.

Sharon Wimmer testified that ad valorem real property tax payments are due at the end of December, 2015. She testified

---

[2]The court notes that Debtors have not filed a "Plan Summary and Statistical Cover Sheet", in the form required under Bankruptcy Local Rule 3015-1(a).

[3]Debtors are proposing to pay $1,080 to Burns, asserting that that amount represents adequate protection of Burns' interest in the property. No evidence was presented as to adequate protection.

that Debtors anticipate seeking to make such payments through an installment payment plan.

Debtors' Schedule J makes no provision for payment of future homeowners' insurance premiums or real estate taxes.

In the instant motion, Debtors seek extension of the automatic stay as to all creditors. The instant motion is opposed by Burns. The instant motion is supported by Trustee.

### Conclusions of Law

Section 362(c)(3) of the Bankruptcy Code provides in pertinent part:

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—
>
> > (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
> >
> > (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

(C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)—

    (i) as to all creditors, if—

        * * *

        (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to—

            (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney)...or;

        * * *

        (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded—

        * * *

            (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed.

11 U.S.C. § 362(c)(3).

In the instant case, Debtors presented insufficient evidence of a substantial change in their personal or financial affairs. Sharon Wimmer testified that the only difference is that Debtors have an attorney in the instant case. Additionally, the Previous Case was dismissed after Debtors failed to file the documents required under the Bankruptcy Code. Debtors presented insufficient evidence to support a finding of a substantial excuse for their failure to do so. The court concludes that a presumption applies that the instant case was not filed in good faith.

As to the question of whether Debtors have rebutted the presumption, Sharon Wimmer's testimony indicates that Debtors are seeking to delay the actions of their creditors until the property is sold. Debtors' budget does not provide for sufficient funds to enable Debtors to make ongoing real property tax payments due within the instant month. Debtors are not proposing any payment to Burns on his arrearage claim prior to a future sale of the property. The court concludes that Debtors have not rebutted the presumption that the instant case was not

filed in good faith.[4]

Based on the foregoing, a separate Judgment will be entered denying the "Debtors' Motion to Extend Automatic Stay" (Docket No. 4).

Signed at Houston, Texas on December 18, 2015.

*[signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[4]The court does not reach the question of whether a case and a Chapter 13 plan filed for the sole purpose of delaying a foreclosure in order to try to sell the property could ever be filed in good faith. However, with respect to the instant case, the plan undercuts Debtors' attempted rebuttal of the presumption.